IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONNIE LEE MYERS, | No. 4:25-CV-02258 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| WARDEN FCI-SCHUYLKILL, | |
| Respondent. | |

MEMORANDUM OPINION

FEBRUARY 19, 2026

Ronnie Lee Myers, an inmate confined at the Federal Correctional Institution, Schuylkill (FCI Schuylkill) in Minersville, Pennsylvania, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He attempts to challenge his 2021 convictions or sentence and asks the Court to order the Federal Bureau of Prisons (BOP) to find him eligible to earn time credits under the First Step Act of 2018 (FSA).[1] The Court will dismiss in part and deny in part Myers' Section 2241 petition.

I.  **BACKGROUND**

Myers is currently serving a 100-month aggregate sentence imposed by the United States District Court for the District of Maryland after pleading guilty to conspiracy to distribute and possess with intent to distribute a controlled substance,

---

[1] Pub. L. 115-391, 132 Stat. 5194 (2018).

18 U.S.C. §§ 841(b)(1)(C) and 846, and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i).[2]  His current projected release date is January 12, 2028.[3]

Myers' Section 2241 petition appears to raise two claims: (1) a challenge to his underlying convictions or sentence; and (2) an argument that his Section 924(c) offense "is not a crime of violence," so he should be eligible to earn and receive FSA credits.[4]  The Court is without jurisdiction to consider his first claim, and his second claim is facially meritless.  The Court will therefore dismiss in part and deny in part Myers' Section 2241 petition without requiring a response from the government.[5]

## II. DISCUSSION

As noted above, Myers appears to assert two claims in his habeas petition.  The Court does not have jurisdiction to consider his Section 2241 challenge to his underlying convictions or sentence.  Additionally, his claim regarding FSA eligibility is without merit.  The Court will discuss each claim in turn.

---

[2] *See* Doc. 1 at 1; *United States v. Myers*, No. 8:19-cr-00029-PX, Doc. 256 (D. Md. June 21, 2021).

[3] *See* FED. BUREAU OF PRISONS INMATE LOCATOR, https://www.bop.gov/inmateloc/ (searching BOP Register Number "24009-016") (last visited Feb. 12, 2026).

[4] *See* Doc. 1 at 9.  Most of Myers' petition consists of prior judicial opinions.  *See id.* at 1-8.

[5] *See* 28 U.S.C. § 2254 Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."); *see also* 28 U.S.C. § 2254 Rule 1(b) (permitting district court, in its discretion, to apply Rules Governing Section 2254 Cases to Section 2241 habeas petitions).

### A.     No Jurisdiction for Challenge to Conviction or Sentence

Generally, the presumptive method for bringing a collateral challenge to the validity of a federal conviction or sentence is a motion to vacate pursuant to 28 U.S.C. § 2255.[6] Only in the exceedingly rare circumstance where a Section 2255 motion is "inadequate or ineffective to test the legality of [the inmate's] detention" can a federal prisoner proceed under Section 2241 instead of Section 2255.[7]

For many years, the law in the Third Circuit (and the majority of other circuits) was that this "saving clause" in Section 2255(e) applied when an intervening change in controlling, substantive law renders the petitioner's prior conduct noncriminal.[8] In other words, for more than two decades, the Third Circuit held that Section 2255(e) permitted a federal prisoner to resort to a Section 2241 petition when he "had no earlier opportunity to challenge" a conviction for a crime "that an intervening change in substantive law may negate."[9]

In June 2023, however, the Supreme Court of the United States decided *Jones v. Hendrix*, abrogating—among other circuit court decisions—*In re Dorsainvil* and effecting a profound change in habeas practice with respect to

---

[6]  *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citation omitted).
[7]  *See* 28 U.S.C. § 2255(e) (sometimes referred to as the "safety valve" or "saving clause"); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997), *abrogated by Jones v. Hendrix*, 599 U.S. 465 (2023).
[8]  *See* Bruce v. Warden Lewisburg USP, 868 F.3d 170, 179-80 (3d Cir. 2017) (collecting cases), *abrogation recognized by Voneida v. Johnson*, 88 F.4th 233 (3d Cir. 2023).
[9]  *Id.* at 180 (quoting *Dorsainvil*, 119 F.3d at 251).

Section 2241 petitions.[10]  The *Jones* Court explicitly held that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition."[11]

Rather, Section 2255(e)'s saving clause is reserved for exceedingly rare situations where it is "impossible or impracticable to seek relief in the sentencing court," such as when the sentencing court dissolves or when the prisoner is unable to be present at a necessary hearing.[12]  The saving clause also "preserves recourse to § 2241 . . . for challenges to detention other than collateral attacks on a sentence."[13]  In all other circumstances, a convicted prisoner's only avenue for filing a second or successive Section 2255 motion attacking his sentence is expressly codified in 28 U.S.C. § 2255(h): "newly discovered evidence,"[14] or "a new rule of constitutional law."[15] [16]

To the extent Myers is attempting to challenge his underlying convictions or sentence in the instant Section 2241 petition, he cannot do so.  Myers has already filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 in

---

[10]  *See Jones*, 599 U.S. at 477.
[11]  *Id.* at 471.
[12]  *See id.* at 474-75, 478.
[13]  *Id.* at 478; *see also id.* at 475-76.
[14]  28 U.S.C. § 2255(h)(1).
[15]  *Id.* § 2255(h)(2).
[16]  *Jones*, 599 U.S. at 477-80.

4

the sentencing court.[17]  The sentencing court subsequently directed Myers to supplement his Section 2255 motion using specific, prepared forms such that he could properly state the facts underlying his Section 2255 claims and explain why he believes he is entitled to post-conviction relief.[18]  It does not appear that Myers has responded to this September 29, 2025 order yet,[19] and thus his Section 2255 motion remains pending at this time.  As such, there is no jurisdiction in this Court for Myers to challenge his convictions or sentence in a Section 2241 petition through Section 2255(e)'s saving clause, as he does not meet the extremely narrow circumstances where the saving clause could apply.

### B.     Merits of FSA Claim

Myers' second claim appears to be that he should be eligible to earn FSA credits because his Section 924(c) conviction is not "a crime of violence."[20]  This argument is facially meritless.

Section 3632(d)(4)(D) of Title 18 of the United States Code provides an extensive list of offenses that render a prisoner "ineligible to receive [FSA] time credits" if the prisoner "is serving a sentence for a conviction" for any of the

---

[17] *See Myers*, No. 8:19-cr-00029-PX, Doc. 348 (D. Md. Sept. 8, 2025).
[18] *See id.*, Doc. 349 (D. Md. Sept. 29, 2025).
[19] On the District of Maryland's docket, it appears that this September 29, 2025 order was returned to the court for reasons unknown. *See id.*, Doc. 350 (D. Md. Oct. 14, 2025). Yet the mailing address for Myers used by the District of Maryland appears to be accurate. *See id.* The docket annotation does not state whether the supplemental Section 2255 packet was remailed to Myers after being returned to the district court.
[20] Doc. 1 at 9.

enumerated offenses.[21] One such disqualifying offense is "Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime."[22] Thus, under the plain language of the FSA, Myers' Section 924(c) conviction and sentence render him ineligible to receive FSA time credits. This conclusion is bolstered by the relevant regulations, which plainly state that "[i]f the inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. § 3632(d)(4)(D), the inmate is not eligible to earn FSA Time Credits."[23]

It may be possible—under exceedingly liberal construction—that Myers is contending that because his Section 924(c) sentence is ordered to run consecutive to his sentence for the other non-disqualifying controlled substance offenses, he is not yet "serving" that 924(c) sentence and therefore is eligible to earn FSA time credits. In other words, Myers may be arguing that his sentences for different offenses should be treated in a bifurcated manner for FSA eligibility purposes.

If Myers is indeed attempting to invoke this argument, it has been consistently rejected by courts within and beyond this district.[24] It also runs

---

[21] *See* 18 U.S.C. § 3632(d)(4)(D).
[22] *Id.* § 3632(d)(4)(D)(xxii).
[23] 28 C.F.R. § 523.41(d)(2).
[24] *See, e.g.*, *Teed v. Warden, Low Sec. Corr. Inst., Allenwood*, No. 1:22-CV-1568, 2022 WL 17252584, at *2 (M.D. Pa. Nov. 28, 2022) (Conner, J.); *Dunston v. Spaulding*, No. 4:20-CV-01961, 2021 WL 2588791, at *2, 4 (M.D. Pa. June 24, 2021) (Brann, J.) (finding petitioner ineligible for FSA time credits when one of his three convictions was under Section 924(c)); *Keeling v. LeMaster*, No. 0:22-cv-00096, 2022 WL 17407966, at *2 (E.D. Ky. Dec. 2, 2022);

counter to the plain language of 18 U.S.C. § 3584(c), which mandates that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." Thus, because Myers is in fact serving his Section 924(c) sentence as part of his "single, aggregate term of imprisonment," he is statutorily ineligible to receive FSA time credits and this second portion of his Section 2241 petition must be denied.

## III. CONCLUSION

For the foregoing reasons, the Court will dismiss in part and deny in part Myers' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

*Sok v. Eischen*, No. 22-cv-458, 2022 WL 17156797, at *6 (D. Minn. Oct. 26, 2022), *adopting report & recommendation*, 2022 WL 17128929 (D. Minn. Nov. 22, 2022).